**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TOMMY L. LOUISVILLE, M.D., TOMMY L. ) | |
| LOUISVILLE M.D., P.A. d/b/a FIRST HELP ) | |
| URGENT CARE, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **COMPLAINT**

The United States of America complains and alleges as follows:

1. The United States brings this action to enjoin defendant Tommy L. Louisville, M.D., individually ("Louisville") and Tommy L. Louisville, M.D., P.A. d/b/a First Help Urgent Care ("Urgent Care") from further violation of and interference with the administration of the internal revenue laws.

2. The United States seeks to permanently restrain and enjoin Louisville and Urgent Care from:

    a. Failing to pay over to the Internal Revenue Service ("IRS") federal employment taxes including those withheld from employee wages;

    b. Failing to make timely federal employment and unemployment tax deposits and payments to the IRS;

    c. Failing to file timely federal employment and unemployment (Form 941 and 940) tax returns;

3. Further, the United States brings this action to obtain judgments against Louisville and Urgent Care for their unpaid federal tax liabilities for certain tax periods between 2006-2016.

4. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States. 26 U.S.C § 7401.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

6. Defendant Louisville is a self-employed physician and is currently the sole officer and member of his Professional Association Urgent Care. Louisville resides in Winter Haven, FL, within the jurisdiction of this Court.

7. Defendant Louisville operates Defendant Urgent Care, and it is located at 1801 Crystal Lake Dr., Lakeland, FL. It is a Florida for-profit corporation. Urgent Care bills insurance for services that are literally classified as "Urgent Care." Louisville operates a separate corporate entity, First Family Practice, Inc., at the same location for billing of other medical services.

8. Venue is proper in this Court because the tax liabilities accrued and continue to accrue in this district and the defendants reside or operate within this judicial district. 28 U.S.C. §§ 1391(b) and 1396.

## FACTS

A. *Tommy L. Louisville M.D.'s Unpaid Income Tax Liabilities*

9. For the following tax years, Tommy L. Louisville filed federal income tax returns reporting tax due, but failed to pay estimated taxes and the tax shown due on his returns. On the dates and for the years shown below, a delegate of the Secretary of the Treasury assessed federal

income taxes, penalties and interest against Louisville. The balance due is shown in the last column:

| Form/Penalty | Tax Period | Date of Assessment | Balance (including penalties and accruals) through 1/17/2020 |
|---|---|---|---|
| 1040 | 2006 | 11/24/2008 | $47,281.21 |
| 1040 | 2007 | 5/18/2009 | $74,506.66 |
| 1040 | 2008 | 11/16/2009 | $32,053.44 |
| 1040 | 2009 | 11/22/2010 | $154,864.19 |
| 1040 | 2010 | 11/28/2011 | $103,686.22 |
| 1040 | 2011 | 11/26/2012 | $51,308.35 |
| 1040 | 2013 | 11/24/2014 | $29,733.07 |
| 1040 | 2014 | 12/26/2016 | $106,618.00 |
| 1040 | 2015 | 1/9/2017 | $6,783.22 |
| 1040 | 2016 | 12/3/2018 | $15,281.28 |
|  |  | Total | $622,115.64 |

B.  *Urgent Care's Unpaid Employment Tax Liabilities*

10. Urgent Care is a small healthcare services business operating in and around Lakeland, Florida, and has employees to whom it pays wages.

11. As an employer, Urgent Care is required to withhold federal income and Federal Insurance Contribution Act ("FICA") taxes from wages it pays to its employees and to pay over those withheld taxes to the IRS. 26 U.S.C. §§ 3102, 3402. Urgent Care must also pay its own share of FICA and Federal Unemployment Tax Act ("FUTA") taxes. 26 U.S.C. §§ 3111, 3301. These taxes collectively are known as "employment taxes."

12. Urgent Care is further required to file Employer's Quarterly Federal Tax Returns (Form 941) and annual FUTA returns (Form 940). 26 U.S.C. §§ 6011, 6071(a); Treas. Reg. §§ 31.6011(a)-4, 31.6071(a)-1. Urgent Care must also periodically deposit employment taxes in an appropriate federal depository bank in accordance with the federal depositing regulations. 26 U.S.C. §§ 6302, 6157; Treas. Reg. §§ 31.6302-1, 31.6302(c)-1, -3.

13. Urgent Care has continually and repeatedly incurred unpaid employment taxes by filing to make timely tax deposits and failing to pay the tax reported on untimely Forms 941. The table in paragraph 15 shows the employment tax, plus penalties and interest, owed by Urgent Care for the taxable periods and years at issue. The liabilities are based on filed tax returns. Further, Urgent Care has intentionally disregarded its duty to file Forms W-2 on time, resulting in the assessment of penalties under 26 U.S.C. § 6721 as described in paragraph 15.

14. For the following periods, Urgent Care filed federal employment tax returns, in some instances untimely, reporting tax due, but failed to make tax deposits and pay the tax shown due on its returns. On the dates and for the periods shown below, a delegate of the Secretary of the Treasury assessed federal taxes, penalties and interest against Urgent Care. The balance due is shown in the last column:

| Form/Penalty | Tax Period | Date of Assessment | Balance (including penalties and accruals) through 1/17/20 |
|---|---|---|---|
| 941 | 12/31/2011 | 12/17/2012 | $92,216.28 |
| 941 | 3/30/2012 | 11/12/2012 | $5,002.45 |
| 941 | 9/30/2012 | 12/31/2012 | $139,072.19 |
| 941 | 12/31/2012 | 3/25/2013 | $81,608.29 |
| 941 | 9/30/2013 | 11/3/2014 | $101,505.80 |
| 941 | 12/31/2013 | 10/27/2017 | $48,602.65 |
| 941 | 03/30/2014 | 10/27/2017 | $102,456.90 |
| 941 | 12/31/2014 | 3/30/2015 | $38,115.41 |
| 941 | 3/30/2015 | 6/29/2015 | $101,944.99 |
| 941 | 6/30/2015 | 9/28/2015 | $74,970.11 |
| IRC § 6721 | 12/31/2010 | 1/6/2014 | $92,946.52 |
| IRC § 6721 | 12/31/2013 | 1/16/2017 | $92,367.31 |
| IRC § 6721 | 12/31/2014 | 1/15/2018 | $83,713.80 |
| | | **Total** | **$1,054,522.70** |

C.    *Louisville's Unpaid Employment Tax Liabilities*

15.    On the following dates and for the following periods a delegate of the Secretary of the Treasury assessed Trust Fund Recovery Penalties ("TFRP") against Louisville, as a person responsible for the financial operations of Urgent Care, who willfully failed to pay over the unpaid employment tax liabilities of Urgent Care, pursuant to I.R.C. § 6672. Louisville's unpaid TFRP liabilities are as follows:

| Form/Penalty | Tax Period | Date of Assessment | Balance (including penalties and accruals) through 1/17/2020 |
|---|---|---|---|
| TFRP | 12/31/2011 | 4/15/2013 | $58,808.73 |
| TFRP | 9/30/2012 | 4/15/2013 | $70,476.56 |
| TFRP | 12/31/2012 | 3/2/2015 | $49,815.09 |
| TFRP | 9/30/2013 | 3/2/2015 | $51,544.72 |
| TFRP | 12/31/2013 | 3/2/2015 | $24,312.53 |
| TFRP | 3/30/2014 | 3/2/2015 | $43,282.59 |
| TFRP | 12/31/2014 | 3/27/2017 | $20,224.17 |
| TFRP | 03/30/2015 | 3/27/2017 | $46,871.82 |
| TFRP | 6/30/2015 | 3/27/2017 | $41,228.93 |
| | | **Total** | **$406,565.14** |

## COUNT I: THE UNITED STATES IS ENTITLED TO AN INJUNCTION UNDER 26 U.S.C § 7402(a)

16. The United States reasserts the allegations in paragraphs 1-15.

17. Section 7402(a) of the Internal Revenue Code (Title 26) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

18. Louisville, both individually and through his company Urgent Care, has substantially interfered with, and continues to substantially interfere with, the internal revenue laws by continually failing to timely file tax returns required by 26 U.S.C. § 6651, failing to pay employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301 and 3402, failing to make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, 6656 and Treasury Regulation (26 C.F.R.) §§ 31.6302-1, 31.6302(c)-1, -3. An injunction is appropriate and

necessary to prevent continued violations.

19. Louisville, as the sole officer and shareholder of Urgent Care, and as the person responsible for its financial affairs, has substantially interfered with, and continues to substantially interfere with, the internal revenue laws by obstructing IRS efforts to collect those liabilities and continually failing to timely file tax returns, failing to cause Urgent Care to pay its employment tax obligations as required by law, and failing to cause it to make employment tax deposits as required by law. An injunction is appropriate and necessary to prevent continued violations.

20. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by Louisville and his business. Since the IRS first contacted Urgent Care about its non-compliance with employment tax obligations, both Louisville and Urgent Care have failed to comply with federal law. The United States has suffered and will continue to suffer irreparable harm as a result of Louisville and Urgent Care's violation of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of employees' FICA and income taxes for which the employees already have received credit; (b) the drain on limited IRS resources due to the extensive required oversight of Urgent Care; (c) the lack of other avenues to fully collect Urgent Care's growing employment tax liabilities; and (d) the harm to the system as a whole when competitors see Urgent Care's continued non-compliance with the very federal laws they are following.

21. The harm suffered by the United States as a result of continuing pyramiding outweighs the harm suffered by Urgent Care and/or Louisville being forced to comply with the law by timely paying employment tax obligations and filing employment tax returns. Defendants will suffer no harm from compliance.

22.     An injunction in this case would serve the public good. As the efficacy of the federal income tax and Social Security system relies on employers to collect and remit income and FICA taxes paid by its employees, the pyramiding undermines the most vital cog in our system of tax collection. Additionally, by using the tax money presumably for the business's expenses, Louisville and Urgent Care exact an involuntary subsidy on the taxpayers of the United States. An injunction would bring an end to this waste of taxpayer resources.

23.     Furthermore, Louisville's and Urgent Care's obstruction and interference with internal revenue laws not only sends a poor message to a public comprised of compliant taxpayers, but provides Urgent Care with a competitive advantage over business competitors who timely pay federal employment taxes the defendants ignore.

24.     In the absence of an injunction backed by the Court's contempt power, Louisville and Urgent Care are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States.

### COUNT II: SUIT TO REDUCE INDIVIDUAL INCOME TAX ASSESSMENTS TO JUDGMENT
### (Defendant Tommy L. Louisville, M.D. individually)

25.     The United States reasserts the allegations in paragraphs 1 through 9.

26.     For tax years 2006-2011 and 2013-2016, Louisville was required to pay in full his individual federal income tax liabilities, but failed to do so. For all years at issue, the assessed federal income tax liabilities resulted from self-filed individual income tax returns.

27.     As previously identified in paragraph 9, a delegate of the Secretary of the Treasury assessed the income liabilities against Louisville.

28. On or about the dates of assessment identified in paragraph 9, a delegate of the Secretary of the Treasury, in accordance with the internal revenue laws, gave written notice to Louisville of the assessments and demanded payment.

29. Despite the notices of assessment and demand for payment, Louisville has refused or neglected to pay all of the assessed tax liabilities, or the interest and statutory additions that have accrued.

30. As of January 17, 2020, Louisville personally owes $622,115.64 in individual federal income taxes (Form 1040), plus interest and statutory additions thereon as provided by law.

31. Federal law governs the limitations period during which the government may assess and collect federal taxes. *See* 26 U.S.C. § 6502(a). Collection of Louisville's federal tax liabilities was extended through multiple installment agreements. As a result, the statute of limitation for collection of Louisville's income tax liabilities was extended for the 2006, 2007, 2008, 2009 and 2010 tax years to at least January 21, 2021. This action is timely.

### COUNT III: SUIT TO REDUCE EMPLOYMENT TAX ASSESSMENTS TO JUDGMENT
**(Defendant Tommy L. Louisville, M.D. d/b/a First Help Urgent Care)**

32. The United States reasserts the allegations in paragraphs 1-8 and 10-14.

33. As previously identified in paragraph 14, a delegate of the Secretary of the Treasury assessed the employment tax liabilities against Urgent care.

34. On or about the dates of assessment identified in paragraph 14, a delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to Louisville of the assessments against Urgent Care and demanded payment.

35. Despite the notices of assessment and demand for payment, Urgent Care refused or neglected to pay all of the assessed tax liabilities, or the interest and statutory additions that have accrued.

36. As of January 17, 2020, Urgent Care owes $1,054,522.70, plus interest and statutory additions thereon as provided by law.

**COUNT IV: SUIT TO REDUCE TFRP ASSESSMENTS TO JUDGMENT**
**(Defendant Tommy L. Louisville, M.D. individually)**

37. The United States reasserts the allegations in paragraphs 1-9, 10-16.

38. Louisville is the sole officer and member of Urgent Care. He has significant control over the corporation's finances, such as determining priority of payments to creditors and controlling disbursement of funds. It is his responsibility to ensure that all tax returns are timely filed, all taxes are timely paid and taxes are correctly withheld from employees' paychecks for deposit with the United States.

39. In addition, Louisville was aware of Urgent Care's unpaid employment tax liabilities and paid other creditors after he acquired such knowledge.

40. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, shall be liable for a penalty equal to the total amount of tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C. § 6672. Liability attaches to an individual if 1) he or she is a "responsible person" and 2) he or she "willfully" failed to pay over to the government the amount of taxes otherwise due.

41. Louisville is a responsible person and willfully failed to pay over to the government the amount of taxes due. Therefore, he is liable for the TFRP.

42. As previously identified in paragraph 15, a delegate of the Secretary of the Treasury assessed the TFRP amounts against Louisville.

43. On or about the dates of assessment identified in paragraph 15, a delegate of the Secretary of the Treasury gave written notice to Louisville of the assessments and demanded payment.

44. Despite the notices of assessment and demand for payment, Louisville has refused or neglected to pay all of the assessed TFRP liabilities, or the interest and statutory additions that have accrued.

45. As of January 17, 2020, Louisville, personally, owes $406,565.14, plus interest and statutory additions thereon as provided by law.

WHEREFORE, the United States respectfully prays for the following:

A. That this Court find that Defendants Tommy L. Louisville, M.D. and Urgent Care have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws;

B. That this Court find that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop the conduct described herein by Louisville and Urgent Care.

C. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction:

1. Prohibiting Louisville (individually and doing business under any other name or using any other entity), Urgent Care, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, from failing to withhold and pay over to the

IRS all employment taxes, including federal income, FICA, and FUTA taxes, required by law;

2. Requiring Louisville and Urgent Care to segregate and hold separate and apart from all other funds all monies withheld from employees or collected from others for taxes under any internal revenue law of the United States and to deposit the monies so withheld and collected, as well as the employer's share of FICA and FUTA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3. Requiring Louisville and Urgent Care, and any other individuals who are responsible for carrying out the duties established under paragraphs C(2) and (3), above for a period of five years, to sign and deliver affidavits to IRS Acting Group Manager Barbara Gordon, ATTN: RO Mullis, 2133 Harden Blvd., Suite 110, Lakeland, FL 33803 or to such other specific location as directed by the IRS, no later than the twentieth day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

4. Requiring Louisville and Urgent Care to timely file all Form 941 and 940 tax returns with the IRS at 2133 Harden Blvd., Suite 110, Lakeland, FL 33803, or to such other specific location as directed by the IRS;

5. Requiring Louisville and Urgent Care to timely pay all required outstanding liabilities due on each tax return required to be filed;

6. Prohibiting Louisville and Urgent Care and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, in the event all required outstanding liabilities

       due on each tax return required to be filed going forward from the date of the injunction are not timely paid, from assigning any property or rights to property or making any disbursements before paying the delinquent federal employment and unemployment taxes due; and

7. Requiring Louisville to notify the IRS of his future employment tax conduct with respect to any new or presently unknown company, including the imposition of an affirmative duty upon Louisville, the principal officer, to notify IRS Acting Group Manager Barbara Gordon, ATTN: RO Mullis, 2133 Harden Blvd., Suite 110, Lakeland, FL 33803 (or to such other person as directed by the IRS) in the future of any new company he may come to own, manage, or work for in the next five years.

D.    That this Court retain jurisdiction over this case to ensure compliance with this injunction, including permitting the United States to conduct post-judgment discovery;

E.    That the Court determine and adjudge that defendant Louisville is individually indebted to the United States for his unpaid individual income tax liabilities in the amount of $622,115.64, plus interest and statutory additions thereon as provided by law from January 17, 2020;

F.    That the Court determine and adjudge that Urgent Care is indebted to the United States for its unpaid employment tax liabilities in the amount of $1,054,522.70, plus interest and statutory additions thereon as provided by law from January 17, 2020;

G.    That the Court determine and adjudge that Louisville is individually indebted to the United States for his unpaid TFRP liabilities in the amount of $406,565.14, plus interest and statutory additions thereon as provided by law from January 17, 2020;

      H.      That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: March 10, 2020                            Respectfully submitted,

                                                            RICHARD E. ZUCKERMAN
                                                            Principal Deputy Assistant Attorney General

                                                            */s/ Conor P. Desmond*
                                                            CONOR PATRICK DESMOND
                                                            DC Bar No: 1531356 | MD FL CM/ECF
                                                            Trial Attorney, Tax Division
                                                            U.S. Department of Justice
                                                            P.O. Box 14198
                                                            Washington, D.C. 20044
                                                            202-616-1857 (v)
                                                            202-514-4963 (f)
                                                            Conor.P.Desmond@usdoj.gov

                                                            Of counsel:
                                                            Maria Chapa Lopez
                                                            United States Attorney
                                                            Middle District of Florida

JS 44 (Rev. 09/19)    Case 8:20-cv-00559   Document 1-1   Filed 03/10/20   Page 1 of 2 PageID 15

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | |
| | | | | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No.
)
)
)
)
)
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: